# In the United States Court of Federal Claims

No. 18-46C

(Filed: October 4, 2018)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **JOHN L. COCKERHAM, JR.,** ) | Military retirement claim; 10 U.S.C § |
| ) | 3911(a); statute of limitations; 28 U.S.C. § |
| **Plaintiff,** ) | 2501; tolling provision of 10 U.S.C. § 843(f); |
| ) | whistleblower claim; 10 U.S.C. § 1034, 5 |
| v. ) | U.S.C. § 2302(b) |
| ) | |
| **UNITED STATES,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

John L. Cockerham, Jr., *pro se*, Inez, TX.

Daniel S. Herzfeld, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Chad A. Readler, Acting Deputy Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Deborah A. Bynum and Steven J. Gillingham, Assistant Directors, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., and Major Michael Townsend, Litigation Attorney, U.S. Army Legal Services Agency.

## OPINION AND ORDER

LETTOW, Senior Judge.

Plaintiff John Cockerham has brought suit seeking military retirement benefits and an award of funds recovered as a result of his whistleblowing action on military acquisition bribery schemes that occurred from 2002 to 2006. Mr. Cockerham was serving in the Army with the rank of Major when he was discharged in 2010 after 18.5 years of service time creditable towards retirement. The Army had denied his request to retire after an Army board of inquiry recommended an "other than honorable" discharge due to official misconduct.

The United States (the "government") has moved to dismiss the complaint pursuant to Rules 12(b)(1) and 52.1(c) of the Rules of the Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss or, Alternatively, Mot. for Judgment on the Admin. R. ("Def.'s Mot.") at 1, ECF No.

17. The government argues that this court lacks subject-matter jurisdiction over the complaint, and alternatively seeks judgment on the administrative record.[1]

The court does not have subject-matter jurisdiction over Mr. Cockerham's claims. Accordingly, the government's motion to dismiss is GRANTED. Because the court lacks jurisdiction to hear the case, the court does not address the government's motion for judgment on the administrative record.

## BACKGROUND

Mr. Cockerham enlisted in the Army in August 1984 and served on active duty for approximately five years. AR 391. He then served in the Army Reserve and Army National Guard until December 1993, AR 391, when he was commissioned as an officer and returned to active duty, AR 296. He was promoted to the rank of Major on October 1, 2004. AR 296. Mr. Cockerham served on active duty until January 2010, which service included two tours totaling more than three years in Kuwait as a contracting officer. AR 296.

While serving as a contracting officer in Kuwait, Mr. Cockerham, his wife, and his sister accepted money from contractors doing business with the Army. AR 3, 44, 110-22, 127, 160-62. Mr. Cockerham claims that when he initially deployed to Kuwait from 2002 to 2003, the contracting environment was "corrupt" and that "he fought it for some time," but that "the more [he] fought it the more of an outcast [he] became and the more privileges that [he] lost." AR 44. He therefore began to "accept any and all acts of appreciation an[d] unauthorized gratuities" and claimed to use the money for charitable purposes. AR 44. When he returned to Kuwait from 2004 to 2005, Mr. Cockerham stated it was "more corrupt than before." AR 46. He claims to again have reported the corruption to his superiors only to find out that they were "part of the corruption." AR 46. These superiors then retaliated against him by revoking his contracting authority, reviewing his contracting decisions, taking away his office and vehicle, and placing him under the supervision of a more junior officer. AR 46. He concedes he then succumbed to the pressure and began receiving "appreciation gifts" and "a few incentive bribes," again stating he used the money for charitable purposes. AR 46-47.

In December 2006, federal officers searched Mr. Cockerham's home and found incriminating evidence of procurement corruption. AR 47. He claims that he then started to help the government in their corruption investigation, especially after the suicide of two other contracting officers who were under investigation. AR 47-48. His cooperation eventually "stal[l]ed" because of a "miscommunication due to [his] lack of understanding of how the DOJ operates," but resumed following his arrest in July 2007. AR 48.

On July 21, 2007, Mr. Cockerham was arrested by civil authorities. AR 281. He was charged by federal civilian prosecutors with three counts of conspiracy and three of bribery, all

---

[1] The Administrative Record was filed on August 24, 2018, ECF No. 16. It is consecutively paginated, and particular portions of the record will be cited by page as "AR ___."

relating to corrupt acts performed as a contracting officer for the Army. AR 112-21. Mr. Cockerham pled guilty in federal court on February 1, 2008, to one count each of conspiracy, bribery, and conspiracy to commit money laundering. AR 127, 141, 281. He was sentenced on December 15, 2009, by a federal district court in Texas to 17.5 years in federal prison and to pay $9.6 million in restitution. AR 4, 9.[2]

The Army initiated discharge procedures on December 2, 2008, while Mr. Cockerham remained confined by civilian authorities and after his guilty plea but prior to sentencing. AR 102-04, 288. Mr. Cockerham then petitioned the Army on January 15, 2009, to allow him to retire voluntarily, arguing that he met the minimum 20 years of active service required for an active-duty retirement. AR 288. The Army rejected his request on January 22, 2009, deciding that he had insufficient service time, on the basis that, pursuant to 10 U.S.C. § 972(b), confinement by civilian authorities is not counted in computing an officer's length of service towards voluntary retirement. AR 287. At the time of his apprehension and incarcertion, Mr. Cockerham had accrued 18 years, 6 months, and 26 days of active military service. AR 393-94. Simultaneously with the rejection of his retirement request, the Army referred Mr. Cockerham to a board of officers to show cause for retention. AR 286-87.

A board of officers convened on February 27, 2009, and found that Mr. Cockerham's actions constituted "misconduct and moral and professional dereliction." AR 69, 71, 74. The board recommended involuntary separation with an adverse "other than honorable" discharge. AR 74. A board of review convened by the Army on August 5, 2009, to review this recommendation concurred with involuntary separation with an "other than honorable" discharge. AR 12, 14. The Army approved the findings on December 22, 2009, and ordered that Mr. Cockerham be discharged within 30 days. AR 1-2. The Army discharged Mr. Cockerham on January 12, 2010. AR 294. Mr. Cockerham remains confined in prison through July 2024 and has paid the $9.6 million in restitution. Suppl. Compl. at 2, ECF No. 10.

Mr. Cockerham filed suit on January 5, 2018, seeking military retirement benefits and up to 20% of funds recovered as a result of his "[w]histleblowing and cooperation" with the government's Army contracting corruption investigation. Compl. at 1 (citing the Military Whistleblower Protection Act, 10 U.S.C. § 1034, and a whistleblower provision of the Civil Service Reform Act, 5 U.S.C. § 2302). He also requests damages for alleged retaliation perpetrated by fellow soldiers as a result of his whistleblowing. Compl. at 1. Lastly, Mr. Cockerham seeks attorneys' fees and trial costs under 28 U.S.C. § 1927, which permits recovery if opposing counsel "multiplies the proceedings . . . unreasonably and vexatiously." Compl. at 1.

---

[2]Mr. Cockerham was neither apprehended nor held by the military, nor was he prosecuted in a military court-martial.

**STANDARDS FOR DECISION**

*A. Subject-Matter Jurisdiction*

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act does not, however, provide a plaintiff with any substantive rights. *United States v. Testan*, 424 U.S. 392, 398 (1976). To establish this court's jurisdiction under the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *Testan*, 424 U.S. at 398). If a plaintiff fails to raise a claim under a money-mandating provision, this court "lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

A claim in this court is "barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The six-year statute of limitations specified in Section 2501 is jurisdictional and is not susceptible to equitable tolling or any of the other doctrines that would excuse an untimely claim. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008).

Mr. Cockerham, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)). When ruling on the government's motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* at 1163 (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").[3]

---

[3] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). But, this leniency cannot extend to jurisdictional requirements. *See Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

*B. Rule 52.1(c) – Judgment on the Administrative Record*

In addressing military pay claims, the court reviews the pertinent decision of the military service to "determine if it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Roth v. United States*, 378 F.3d 1371, 1381 (Fed. Cir. 2004) (citing *Heisig v. United States*, 719 F.2d 1153, 1156 (Fed. Cir. 1983)); *accord Melendez Camilo v. United States*, 642 F.3d 1040, 1044 (Fed. Cir. 2011). The arbitrary and capricious standard "requires a reviewing court to sustain an action evincing rational reasoning and consideration of relevant factors." *Advanced Data Concepts, Inc. v. United States*, 216 F.3d 1054, 1058 (Fed. Cir. 2000).

## ANALYSIS

### I. Subject-Matter Jurisdiction

*A. Accrual of the Retirement Claim*

The government argues that Mr. Cockerham's retirement claim is time-barred by the statute of limitations, contending that his claim accrued on January 12, 2010, the date of Mr. Cockerham's discharge from the Army. Def.'s Mot. at 7-9. If so, that claim would be time-barred as of January 2016.

A claim in this court must be brought within six years of accrual. 28 U.S.C. § 2501. "A cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, *i.e.*, when 'all events have occurred to fix the [g]overnment's alleged liability.'" *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (quoting *Nager Elec. Co. v. United States*, 368 F.2d 847, 851 (Ct. Cl. 1966)). In "a military pay case seeking retirement pay, the applicable start date for accrual of the statute of limitations . . . is the date of [] actual discharge," *Levy v. United States*, 83 Fed. Cl. 67, 74 (2008), and the claim accrues "all at once at the time of discharge," *Bias v. United States*, 722 Fed. Appx. 1009, 1012 (Fed. Cir. 2018) (quoting *Martinez*, 333 F.3d at 1303); *see also Chambers v. United States*, 417 F.3d 1218, 1223-24 (Fed. Cir. 2005) (citing *Martinez*, 333 F.3d at 1303).

Accordingly, Mr. Cockerham's claim for retirement benefits accrued on January 12, 2010, when the Army discharged him. Upon discharge, the Army prevented Mr. Cockerham from serving the additional time necessary for him to retire and denied him the ability to retire based on his accumulated time in service.

Mr. Cockerham cites, without discussion, the tolling provision of 10 U.S.C. § 843(f), Compl. at 1, which tolls the statute of limitations for crimes under the Uniform Code of Military Justice while the United States is at war and for three years after cessation of hostilities. 10 U.S.C. § 843(f). The tolling provision applies to fraud against the United States or crimes related to government procurement. 10 U.S.C. § 843(f). In the circumstances at hand, this tolling provision is inapplicable. Subsection 834(f) applies only to statutes of limitation applicable to crimes under the Uniform Code of Military Justice, *see* 10 U.S.C. § 843(f) ("applicable to any offense under [the Uniform Code of Military Justice]"), and it allows the military additional time

5

to bring charges against alleged offenders.[4] It does not negate or modify the jurisdictional bounds of this court established in 28 U.S.C. § 2501. Mr. Cockerham's claim for retirement benefits does not implicate the Uniform Code of Military Justice. He was not convicted of a crime under that Code or in a military court, but rather of crimes under the federal criminal code in a federal civilian court. *See* AR 3 (federal conviction record).

Correlatively, the tolling provisions of 28 U.S.C. § 2501 do not apply to Mr. Cockerham. Those provisions toll the six-year statute of limitations in this court for "a person under legal disability or beyond the seas at the time the claim accrues." 28 U.S.C. § 2501 (third paragraph). "Imprisonment is not a legal disability" that tolls Section 2501. *Callahan v. United States*, 56 Fed. Appx. 947, 948 (Fed. Cir. 2003) (*per curiam*) (quoting *O'Callahan v. United States*, 451 F.2d 1390, 1393 (Ct. Cl. 1971)).

Nothing occurred between discharge on January 12, 2010, when the retirement claim accrued, and the filing of the complaint on January 5, 2018, that would toll the statute of limitations. Mr. Cockerham's claim for his retirement benefits thus became non-justiciable before this court on January 12, 2016. *See* 28 U.S.C. § 2501; *John R. Sand & Gravel Co.*, 552 U.S. at 134.

## B. Claims for Retaliatory Treatment

Mr. Cockerham alleges that military personnel retaliated against him when he tried to expose contracting corruption. Compl. at 1; *see also* AR 46. Mr. Cockerham seeks damages for the retaliatory treatment, citing 5 U.S.C. § 2302 and 10 U.S.C. § 1034. Compl. at 1.

The government argues that the Military Whistleblower Protection Act, 10 U.S.C. § 1034, provides administrative remedies but does not create a private right of action for money damages. Def.'s Mot. at 9. The government further argues that the Civil Service Reform Act provision cited by Mr. Cockerham, 5 U.S.C. § 2302, excludes military members and that it is not a money-mandating statute. *Id.* at 10.

This court lacks jurisdiction to hear claims arising under the Military Whistleblower Protection Act. *See, e.g., Bias*, 722 Fed. Appx. at 1014. Mr. Cockerham's appeal to the protection of civil service laws of Title 5 of the United States Code is also unavailing; as the government notes, Title 5 is inapplicable to members of the armed forces. *See* 5 U.S.C. § 2101; Def.'s Mot. at 9. At all times relevant to his retaliation claim, Mr. Cockerham was in the armed forces. And finally, while the retaliation allegations may sound in tort, this court cannot hear tort claims. 28 U.S.C. § 1491(a)(1); *see also, e.g., New Am. Shipbuilders, Inc. v. United States*, 871

---

[4]The Uniform Code of Military Justice allows the military to prosecute, criminally or administratively, those subject to the Code. Subsection 834(f) extends the time within which the military may charge someone subject to the Code; the tolling provision thus pertains to causes of action brought by, not against, the military.

F.2d 1077, 1079 (Fed. Cir. 1989). Therefore, this court lacks jurisdiction over these retaliation claims even if they had been timely.[5]

### C. Claim for 20% of Funds Recovered

Mr. Cockerham seeks "up to 20% of all funds collected as a result of [his] whistleblowing and cooperation." Compl. at 1. Mr. Cockerham detailed his cooperation in a filing before the Army's board of review, AR 43-50, claiming that his actions resulted in recuperation of over $17 million and upwards of billions of dollars. AR 50. The government has not responded specifically to this claim.

Mr. Cockerham cites no legal basis for either this claim or for this court's jurisdiction. Mr. Cockerham did not bring suit as a *qui tam* plaintiff, and this court lacks jurisdiction over *qui tam* actions. *See LeBlanc v. United States*, 50 F.3d 1025, 1031 (Fed. Cir. 1995) ("*qui tam* suits may only be heard in district courts") (citing 31 U.S.C. § 3732(a)); *Giles v. United States*, 72 Fed. Cl. 335, 336-37 (2006). The court is unaware of another legal basis for Mr. Cockerham to bring such a claim in this or another court.[6]

### D. Liability for Excessive Costs under 28 U.S.C. § 1927

The government contends that Mr. Cockerham fails to supply a rationale for citing 28 U.S.C. § 1927 and fails to identify against whom he seeks sanctions. Def.'s Mot. at 11. Mr. Cockerham does not specify the factual basis for his claim under Section 1927. Since Mr. Cockerham makes this request in his complaint, *see* Compl. at 1, it cannot be against counsel's conduct in this case. Based on the administrative record available to this court, federal civilian proceedings against Mr. Cockerham ended by December 15, 2009, when he was sentenced. AR 4. Military proceedings ended by January, 12, 2010, when he was discharged. AR 294. Any claim under Section 1927 would have become time-barred in this court by the statute of limitations no later than January 2016.

---

[5]The alleged retaliation occurred sometime between summer of 2004 and December 2005, AR at 46-47, and any retaliation claim would have accrued by December 2005, *see Martinez*, 333 F.3d at 1303 (quoting *Nager Elec. Co.*, 368 F.2d at 851) ("[A] Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit."). It may or may not have been tolled under the Servicemembers Civil Relief Act, 50 U.S.C. § 3936, until Mr. Cockerham's discharge on January 12, 2010. This claim thus became non-justiciable in this court no later than January 12, 2016.

[6]Mr. Cockerham's whistleblowing occurred while he was a contracting officer and a commissioned officer of the United States, *i.e.*, while he had a duty to uphold the integrity of the procurement process and to report illegal activities. His cooperation with the Department of Justice occurred only after the government raided his house and found incriminating evidence. AR 47-49. His cooperation enabled him to reach a plea agreement that dismissed half of the charges against him. AR 127-142, 163. He was able to provide valuable cooperation partially due to his own corrupt actions.

7

In any event, 28 U.S.C. § 1927 is not a waiver of sovereign immunity. *See, e.g., In re Graham*, 981 F.2d 1135, 1140 (10th Cir. 1992) ("Even if we were to read the statute as encompassing awards against the *party* . . . we would still require some independent waiver of sovereign immunity in order to apply it against the United States.") (internal citations omitted); *Alexander v. Federal Bureau of Investigations*, 541 F. Supp. 2d 274, 300-01 (D.D.C. 2008) (holding that sanctions under Section 1927 cannot be made against the United States because such sanctions are only available against attorneys, not parties). While the United States was a party to the 2009 federal trial and the 2010 military discharge proceeding, the provisions of Section 1927 are not intended to sanction a party for conduct in a prior unrelated case. *See Barksdale v. United States*, 582 Fed. Appx. 890 (Fed. Cir. 2014) (Mem.) (affirming a denial of sanctions under RCFC 11 and 28 U.S.C. § 1927 where the plaintiff's "allegations related to government actions in separate matters"); *see also Alexander*, 541 F. Supp. 2d at 304.

## II. Judgment on the Administrative Record

The court does not reach the questions whether the Army properly discharged Mr. Cockerham and denied his retirement request because the court lacks jurisdiction over his discharge and retirement claims.

## CONCLUSION

For the reasons stated, the court does not have jurisdiction over Mr. Cockerham's claims. Accordingly, the government's motion to dismiss is GRANTED. The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Senior Judge